**BULLINGTON v. NEW YORK TERMINAL WAREHOUSE CO. et al.**

**Civ. 4810.**

United States District Court
N. D. Texas, Dallas Division.

March 17, 1953.

Aubrey J. Roberts and Ungerman, Hill & Ungerman, of Dallas, Tex., for the plaintiff.

Carrington, Gowan, Johnson & Walker, Dallas, Tex., for the Warehouse Co.

Curtis White, Dallas, Tex., for the impleaded defendants, Betterson, Werhung, Baker & Helton.

ATWELL, Chief Judge.

This suit is brought by the Trustee in Bankruptcy of the estate of Denton Peanut Company, upon vouchers issued by the Commodity Credit Corporation of the United States, to the Denton Company, evidencing the storage of peanuts with the New York Terminal Storage Company, and in accordance with the law and regulations of the United States governing such matters.

I find as facts:

That the defendant warehouse company had storage facilities at Denton, Cleburne, Lewisville, and Bonham, and one in the state of Oklahoma. That the certificates of storage issued by the defendant warehouse company were negotiable, and issued for the purpose of being security for loans made by banks, and that the bank making such loan would, in turn, secure from the Commodity Credit Corporation, the amount of such loan for replacement of its own funds, and such loans were made by the Denton National Bank.

That at the Denton Storage Warehouse of the defendant there was a connection and automatic carrier of peanuts from the storage bins to a processing mill close by. That a fire occurred in the processing mill, and a quantity of peanuts were destroyed, but those which were not in that processing shed were not injured in any manner.

That there were apparent losses and shortages in the defendant's storage house.

The Commodity Credit Corporation filed its proof of claim in the bankruptcy proceeding of the Denton company claiming priority.

That the Bankruptcy court ordered the Commodity Credit Corporation to turn over to the Trustee in Bankruptcy such certificates of storage, and ordered such trustee to institute suit on the same, after the same had been assigned to him.

That the amount of such storage charges is the sum of $9,021.90. The reasonable market value of the peanuts not turned over, is $45,633.75. The balance, therefore, of $36,611.85 is the amount of recovery in this case. An indemnity bond in the sum of $25,000 was executed by the four mentioned individuals and such shortage was the failure of the said four individuals to safely keep the peanuts as required and conditioned.

Conclusions of Law.

The failure of the defendant warehouse company to turn over, for liquidation, the entire amount of peanuts that it had receipted for, less such amount as was destroyed in the fire, makes it liable to the holder of such certificates for the amount thus turned over to it for storage.

The contract of storage called for the payment of storage charges, and, manifestly, there must be deducted from such reasonable market value of the peanuts as were not turned over, the amount of such storage charges.